PETERS v. ROBERTSON.

(*Circuit Court, S. D. New York.* July 5, 1884.

CUSTOMS DUTIES—BONE-BLACK.
  The article known as bone-black is subject to a duty of 25 per cent.

At Law.

*William W. McFarland,* for Plaintiff.

*Elihu Root,* U. S. Dist. Atty., and *S. B. Clarke,* Asst. U. S. Dist. Atty., for defendant.

WHEELER, J. The importation in question was made in September, 1881. The article is well known as bone-black. By section 2504, Rev. St., "black of bone, or ivory-drop black," is made subject to a duty of 25 per cent. The duty was assessed at this rate. The plaintiff made protest that this article was free under the provision of section 2505, exempting "bones crude and not manufactured, burned, calcined, ground, or steamed." "Animal carbon (bone-black)" was made free by the act of March 2, 1861. 12 St. at Large, p. 178, § 23. A duty of 25 per cent. was laid upon "bone or ivory-drop black" by the act of June 30, 1864, (13 St. at Large, p. 202, § 10,) an "Act to increase duties." Animal carbon and bone-black, by name, disappeared from the free-list. Ivory-drop black is a pigment, and derives its name of drop from the mode of manufacture. Bone-black is not shown, nor known, to be anything like a pigment. There is no such thing as bone-drop black, as there is ivory-drop black; nor is ivory-drop black ever known as bone-black. The expression in the act of 1864 of bone or ivory-drop black could hardly mean bone, or in other words, ivory-drop black. The more natural meaning under the circumstances would seem to be that either bone-black or ivory-drop black should be subject to a duty of 25 per cent. Still more would the expression of "black of bone, or ivory-drop black," in the Revised Statutes, seem to have that meaning. Black of bone could, so far as shown, be nothing but bone-black. The expression is the equivalent of "bone-black or ivory-drop black, 25 per centum." In this view the assessment was correct.

The protest raised the question whether this article came under the description of bones crude and not manufactured, burned, ground, calcined, or steamed. It was shown not to be bones ground or steamed. The question whether the description of bones crude and not man-

ufactured, or burned or calcined, would cover it, was submitted to the jury and found for the defendant. That was the question to be tried. *Davies* v. *Arthur,* 96 U. S. 148. The verdict should stand unless it is without evidence to support it, or is against the substantial weight and effect of the evidence.

In *Schriefer* v. *Wood,* 5 Blatchf. 215, it is held that bone-black is a manufacture of bones. That decision is decisive of this question, unless bone-black is specifically burned or calcined-bone. Bones are exposed to heat in close vessels, and charred to make bone-black. The process is a distillation, and not a combustion. The bones are heated, but are not burned. The product is ground and assorted for use. Bones are calcined by being burned or heated accessible to air. There was some conflict on the evidence as to how these terms were understood in commerce. The whole was submitted to the jury to find whether this article was included in the terms "burned or calcined bone." The finding was well founded upon evidence, the effect of which was for the jury.

Under the circumstances, the verdict cannot be set aside without an arbitrary exercise of the power of the court. The motion must therefore be denied.